915 F.2d 1572
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Kathy ROHRBAUGH, (Minor), Plaintiff-Appellant,
N.K. Rohrbaugh, (Parent), Patricia Rohrbaugh, (Parent), Plaintiffs,
v.
ELIDA BOARD OF EDUCATION, et al., Defendants-Appellees.
 No. 90-3427.
 United States Court of Appeals, Sixth Circuit.
 Oct. 10, 1990.
 
 Before KENNEDY and KRUPANSKY, Circuit Judges, and ENGEL, Senior Circuit Judge.
 
 ORDER
 
 1
 Plaintiffs appeal the district court's order of April 10, 1990 denying their motion for a preliminary injunction in this civil rights action challenging the constitutionality of the defendant's student alcohol policy. Defendants have moved to dismiss the appeal on the grounds that the appeal is now moot due to Kathy Rohrbaugh's graduation from high school in June of 1990. Plaintiffs respond by urging this court to retain jurisdiction, claiming that the conduct challenged is capable of repetition but evading review. In reply, defendants concede that plaintiffs have a claim for damages based on the school board's former policy but maintain that all claims concerning the school board's current policy, including the defendants' own counterclaim, are now moot and subject to dismissal by this court.
 
 
 2
 Plaintiffs' claim for damages constitutes a case or controversy within the meaning of Article III of the Constitution. Powell v. McCormack, 395 U.S. 486 (1969). However, standing to seek damages does not automatically confer standing to seek other forms of relief. In the present case, Kathy Rohrbaugh has graduated from high school and will never again be subject to the defendants' student alcohol policy. An injunction is unavailable absent a showing of irreparable injury, a requirement that cannot be met where there is no showing of any real or immediate threat that the plaintiff will be wronged again. City of Los Angeles v. Lyons, 461 U.S. 95 (1983).
 
 
 3
 If the appropriateness of injunctive relief is the sole issue before the court on appeal, and that issue becomes moot, then the court must vacate the district court's order and remand the case for consideration of the remaining issues. University of Texas v. Camenisch, 451 U.S. 390, 394 (1981); Ammond v. McGahn, 532 F.2d 325, 328 (3rd Cir.1976).
 
 
 4
 Upon review and consideration we conclude that plaintiffs' claim for injunctive relief is moot. We make no determination with regard to plaintiffs' remaining claims or the defendants' counterclaim. Accordingly,
 
 
 5
 It is ORDERED that the district court order denying plaintiffs' motion for a preliminary injunction is vacated and the case is remanded to the district court for further proceedings.